**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**LEON R. HOUSE, JR.,**

             **Plaintiff,**　　　　　　　　5:11-cv-915
　　　　　　　　　　　　　　　　　　　　　　(GLS)
      **v.**

**CAROLYN W. COLVIN,** Acting
Commissioner of Social Security,[1]

            **Defendant.**
_____

## SUMMARY ORDER

Pending before the court is claimant Leon R. House, Jr.'s counsel's motion for an award of attorneys' fees pursuant to 42 U.S.C. § 406(b)(1). (Dkt. No. 27; Dkt. No. 27, Attach. 1 at 1.) The Commissioner does not oppose counsel's motion, but requests that the court review the matter to ensure there is a reasonable result. (Dkt. No. 29 at 1-3.) For the following reasons, the motion is granted.

Section 406(b) of Title 42 of the United States Code authorizes a court to award reasonable attorneys' fees to a successful claimant's

---

[1] The Clerk is directed to substitute Carolyn W. Colvin, Acting Commissioner of Social Security, for defendant Michael J. Astrue, and amend the caption accordingly. *See* Fed. R. Civ. P. 25(d).

1

attorney, provided that those fees do not exceed twenty-five percent of the amount of past-due benefits awarded to the claimant. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002); *Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir. 1990). "[B]ecause a successful social security claimant evaluates and pays his own attorney, a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case." *Wells*, 907 F.2d at 371. Section 406(b) does not displace any contingent-fee arrangement between the claimant and attorney, but rather sets the ceiling for an award under any such agreement at twenty-five percent of the past-due benefits. *Gisbrecht*, 535 U.S. at 792-93. Further, where fee awards are made under both § 406(b) and the Equal Access to Justice Act,[2] the claimant's attorney must refund the smaller amount to the claimant. *See id.* at 796.

Here, in accordance with a fee agreement entered into between House and his counsel, (Dkt. No. 27, Attach. 2 at 17-18), counsel seeks payment of twenty-five percent of the past-due benefits owed, (Dkt. No. 27, Attach. 1 ¶¶ 4, 17). House's past-due benefits amount to $53,913.00,

---

[2] *See* 28 U.S.C. § 2412.

twenty-five percent of which is $13,478.25.[3]  (Dkt. No. 29, Attach. 1 at 6.) House's attorney performed 44.2 hours of work before this court, (Dkt. No. 27, Attach. 2 at 33), and also, pursuant to a consent agreement between the parties, procured an award of fees in the amount of $7,800.00 under the EAJA, (Dkt. No. 26).  Counsel has indicated that, in the event that the court awards fees pursuant to § 406(b)(1), he will refund the smaller of the awards to House.  (Dkt. No. 27, Attach. 1 ¶¶ 11, 14); *see Gisbrecht*, 535 U.S. at 794-95.

The Commissioner does not oppose counsel's request, and has stated that the amount sought "does not appear to be unreasonable[,] there is no evidence of fraud or overreaching," and "the requested fee award [is not] a windfall."  (Dkt. No. 29 at 2 (citing *Gisbrecht*, 535 U.S. at 808).)  The Commissioner also notes that counsel successfully procured fees pursuant

---

[3] There is a modest discrepancy between the amount of fees requested in counsel's motion, and the amount actually withheld for attorneys' fees by the Social Security Administration.  In his motion, relying on a notice of award dated February 15, 2014, (Dkt. No. 27, Attach. 2 at 22-29), counsel states that House's past-due benefits total $54,739.00, and seeks fees in the amount of $13,684.75. (Dkt. No. 27, Attach. 1 ¶ 6.)  However, the February 15 notice did not provide the amount of past-due benefits, or contain the amount that would be withheld for attorneys' fees.  (*See generally* Dkt. No. 27, Attach. 2 at 22-29.)  Instead, the February 15 notice stated that, "[w]hen we decide how much you are due for this period, we will send you another letter."  (*Id.* at 23.)  Thereafter, another notice was generated, and sent on April 13, 2014.  (Dkt. No. 29, Attach. 1.)  This notice identifies the past-due benefits—$53,913.00—and the amount withheld for attorneys' fees—$13,478.25.  (*Id.* at 6.)  Accordingly, the court relies on the April 13 notice of award in determining the amount of attorneys' fees to which counsel is entitled.

3

to the EAJA, and that House will benefit by receiving the lesser of the EAJA or § 406(b) fees.[4]  (Dkt. No. 29 at 2-3); *see Gisbrecht*, 535 U.S. at 794-95.

The court agrees that $13,478.25, twenty-five percent of the past-due benefits, is reasonable, given the hours expended and the fact that counsel secured a favorable outcome for House.  There is no evidence of fraud or overreaching, and $13,478.25 would not be a windfall to counsel.  Thus, counsel's motion for attorneys' fees pursuant to § 406(b)(1) is granted.

Accordingly, it is hereby

**ORDERED** that the Clerk is directed to substitute Carolyn W. Colvin, Acting Commissioner of Social Security, for defendant Michael J. Astrue, and amend the caption accordingly; and it is further

**ORDERED** that counsel's motion for attorneys' fees (Dkt. No. 27) is **GRANTED** in the amount of $13,478.25; and it is further

**ORDERED** that the Commissioner is directed to take the steps necessary to cause the amount of $13,478.25 to be made payable to counsel from the fund of withheld past-due benefits, in compliance with the requirements of the Social Security Act and implementing regulations as

---

[4] Awards under the EAJA are paid by the government.  They are intended to reduce the high cost of litigation that may deter individuals from seeking review of government decisions. *See Trichilo v. Sec'y of Health & Human Servs.*, 823 F.2d 702, 704 (2d Cir. 1987).  Awards under § 406(b), by contrast, are paid by the claimant out of past-due benefits.

interpreted by the federal courts, and in full satisfaction of the obligations imposed by this Summary Order; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

November 20, 2014
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court